**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10229 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-00007-RVM-1 |
| v. | |
| SERVILLANA SORIANO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted June 12, 2024
Honolulu, Hawai‘i

Before:  CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

Servillana Soriano appeals her conviction for conspiracy to defraud the United States in violation of 18 U.S.C. § 371.  We presume the parties' familiarity with the facts and discuss them here only to the extent necessary to provide context and resolve the issues raised on appeal.  We have jurisdiction under 28 U.S.C. § 1291, *see* 48 U.S.C. § 1824(b), and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Soriano argues that a United States Citizenship and Immigration Services ("USCIS") officer testified falsely about the requirements for CW-1 visas. Specifically, Soriano contends that the officer falsely testified that a "petitioner is not allowed to get reimbursed any of the fees" from beneficiaries, and that the prosecution knew or should have known such testimony was false.

The USCIS officer's testimony was a reasonable interpretation of the federal regulations governing CW-1 visas. *See* 8 C.F.R. § 214.2(w)(5) ("An employer who seeks to classify an alien as a CW-1 worker must file a petition with USCIS and pay the requisite petition fee . . . ."). Further, in responding to public comment concerning a beneficiary's ability to pay the CW-1 petition fees, the Department of Homeland Security explained that "the petitioning employer will pay the applicable petition fees" and that "[t]he employee is only responsible for paying the biometrics fee." Commonwealth of the Northern Mariana Islands Transitional Worker Classification, 76 Fed. Reg. 55502, 55514 (Sept. 7, 2011). In any event, the officer subsequently acknowledged at trial that there was no regulation explicitly stating that petitioners cannot be reimbursed. There was therefore no due process violation. *See Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005) (en banc) ("[A] criminal defendant is denied due process of law when a prosecutor either knowingly presents false evidence or fails to correct the record to reflect the true facts when unsolicited false evidence is introduced at trial."). Moreover, the

2

officer's testimony, even if false, was not material because Soriano collected $2,700 from the beneficiaries, which was more than the actual cost of $1,110 for the CW-1 visa petition. So, even if Soriano could lawfully collect reimbursement for petition fees, she made a profit of almost $1,590, which the jury was entitled to consider as evidence of guilt. *Id.* (explaining that false testimony is material when "there is any reasonable likelihood that the false testimony could have affected the judgment of the jury").

2.  Soriano next argues that a written statement introduced at trial was inadmissible hearsay and violated her Sixth Amendment confrontation right. "We review claimed violations of the confrontation clause *de novo*, a district court's construction of the hearsay rule *de novo*, and a district court's decision to admit evidence under exceptions to the hearsay rule for abuse of discretion." *United States v. Orellana-Blanco*, 294 F.3d 1143, 1148 (9th Cir. 2002) (internal footnote omitted).

In *United States v. Nazemian*, 948 F.2d 522, 528 (9th Cir. 1991), we held that so long as a translator acts "as a mere language conduit," the defendant and translator are "treated as identical for testimonial purposes." In such a situation, admission of a defendant's translated statements "create[s] neither confrontation clause nor hearsay problems." *Id.* "Determining whether the translator was merely a language conduit under *Nazemian* requires analyzing four factors: (1)

3

which party supplied the interpreter, (2) whether the interpreter had any motive to mislead or distort, (3) the interpreter's qualifications and language skill, and (4) whether actions taken subsequent to the conversation were consistent with the statements as translated." *United States v. Aifang Ye*, 808 F.3d 395, 401 (9th Cir. 2015) (citation and internal quotations omitted).

The district court correctly found that the translators used to interview Soriano qualified as "language conduits" and that the written statement was therefore properly attributed to her as the declarant. *See* Fed. R. Evid. 801(d)(2). For the first *Nazemian* factor, although the government provided the translators, which weighs in favor of excluding the written statement, this is not dispositive of admissibility. *Aifang Ye*, 808 F.3d at 401. For the second factor, Soriano "points to no specific evidence of bias on the part of the interpreter" to establish that the interpreter had motive to mislead or distort. *Nazemian*, 948 F.2d at 527; *see also Bourjaily v. United States*, 483 U.S. 171, 180 (1987) ("The party opposing admission has an adequate incentive to point out the shortcomings in such evidence before the trial court finds the preliminary facts."). For the third factor, the officers interviewing Soriano "checked the accuracy of the translation by asking the translators to have [Soriano] confirm line-by-line read-backs of what [she] had said." *Aifang Ye*, 808 F.3d at 402. To test the accuracy of the translation, the officers also "inserted intentional inaccuracies," all of which

4

Soriano "identified and corrected." *Id.* "This indicates that the translators' work was accurate." *Id.* Finally, because Soriano "took no action" after signing the written statement, the fourth factor "is not relevant in this case." *See United States v. Romo-Chavez*, 681 F.3d 955, 960 (9th Cir. 2012).

3.    Finally, Soriano argues that there was insufficient evidence to support her conviction, a claim which we review de novo. *United States v. Bennett*, 621 F.3d 1131, 1135 (9th Cir. 2010). Even assuming the USCIS officer's testimony regarding reimbursements and the written statement should have been excluded from trial, there remained ample evidence establishing Soriano's guilt. For example, the jury heard testimony about the "Request for Evidence" that USCIS sent Soriano asking for proof that the beneficiaries would work for a third party, and how Soriano responded with a purported contract with Kanoa Resort. The purported contract was executed by Soriano and Halim Khan, and the jury heard testimony that Khan did not have authority to enter into such contracts on behalf of Kanoa Resort. The jury also heard testimony from the accountant who helped Soriano submit the CW-1 petition that Soriano submitted the petition "as a favor" to Khan. Taken together, and "viewing the evidence in the light most favorable to the prosecution," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the jury could have reasonably inferred from this evidence that Soriano (1) knew Khan was not authorized to sign the purported contract, (2) knew the beneficiaries would not

5

actually work at Kanoa Resort, and (3) submitted the purported contract to defraud USCIS.

**AFFIRMED**.